UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENTRENET CAPITAL PARTNERS, LLC,
a limited liability company,

                Plaintiff(s),

       vs.

DANAHER CORPORATION, and Does 1 to 10

                Defendant(s).

CASE No. C-05-03440-MJJ

**STIPULATED PROTECTIVE ORDER**

Judge Martin J. Jenkins

      Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

      1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the

///

1  person, firm, partnership, corporation, or to the organization from which the information

2  was obtained.

3        By designating a document, thing, material, testimony or other information derived

4  therefrom as "confidential," under the terms of this order, the party making the designation

5  is certifying to the court that there is a good faith basis both in law and in fact for the

6  designation within the meaning of Federal Rule of Civil Procedure 26(g).  No material

7  shall be designated as "confidential" unless the designating party and counsel have made

8  a good faith determination that protection under F.R.C.P. 26(c) is warranted.

9        2.     Confidential documents shall be so designated by stamping copies of the

10  document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend

11  "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of

12  the document as confidential, unless otherwise indicated by the producing party.

13  Documents may also be designated as "Confidential" by written communication from one

14  party to any other party, clearly describing the documents as to which confidentiality is

15  asserted.

16        3.     Testimony taken at a deposition, conference, hearing or trial may be

17  designated as confidential by making a statement to that effect on the record at the

18  deposition or other proceeding.  Arrangements may be made with the court reporter

19  taking and transcribing such proceeding to separately bind such portions of the transcript

20  containing information designated as confidential, and to label such portions

21  appropriately.

22        4.     Material designated as confidential under this Order, the information

23  contained therein, and any summaries, copies, abstracts, or other documents derived in

24  whole or in part from material designated as confidential (hereinafter "Confidential

25  Material") shall be used only for the purpose of the prosecution, defense, or settlement of

26  this action, and for no other purpose.

27        5.     Confidential Material produced pursuant to this Order may be disclosed or

28  made available only to the Court, to counsel for a party (including the paralegal, clerical,

and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

     (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this

     (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

     (c)    court reporter(s) employed in this action;

     (d)    a witness at any deposition or other proceeding in this action; and

     (e)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.    Depositions shall be taken only in the presence of qualified persons.

7.    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or restrict a party from disclosing its own Confidential Material as it deems appropriate.

STIPULATED PROTECTIVE ORDER

9.     If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be placed in an envelope or other appropriate container, sealed in the envelope or container, and lodged with the Court. The envelope or container lodged with the Court must be labeled "FILED PURSUANT TO STIPULATED PROTECTIVE ORDER." The party submitting the lodged record must affix to the envelope or container a cover sheet that identifies the title of the case, the case number, and the title of the document. The affixed cover sheet must also state that the envelope or container is not to be opened absent further order of the Court.

10.     In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.     If the receiving party disagrees with the claimed confidential status of any document or other material, or if the receiving party disagrees with the level of confidentiality classification, the receiving party will notify and confer with the producing party to request reclassification of the document or material. If no agreement has been reached within ten (10) calendar days of such notification, or a later date if agreed to in writing by the parties, the receiving party may thereafter present a motion to the court under F.R.C.P. Rule 26(c) for an order reclassifying the confidentiality designation and/or removing such document or other material from the restrictions of this Order. If such a motion is made, the party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such protected document or material.

12.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering

4

1  the confidentiality or nonconfidentiality of any such document or information or altering

2  any existing obligation of any party or the absence thereof.

3       13.    This Order shall survive the final termination of this action, to the extent that

4  the information contained in Confidential Material is not or does not become known to the

5  public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

6  information disclosed hereunder for a period of six (6) months following final termination of

7  the action.  Upon termination of this case, counsel for the parties shall assemble and

8  return to each other all documents, material and deposition transcripts designated as

9  confidential and all copies of same, or shall certify the destruction thereof.

10  SO STIPULATED:

11  DATED: _10/2/06_____

PROVENCHER & FLATT LLP

13  By: Douglas B. Provencher
Attorney for Plaintiff ENTRENET CAPITAL

14  PARTNERS, LLC

16  DATED: _10/2/06_____

McMILLAN & SHUREEN LLP

18  By: George J. Keller
Attorneys for Defendant DANAHER

19  CORPORATION

21  APPROVED AND SO ORDERED:

22  DATED:___10/5/2006_____

24  UNITED STATES DISTRICT JUDGE

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Entrenet Capital Partners, LLC v. Danaher Corporation</u>, United States District Court for the Northern District of California, Case No. C-05-03440-MJJ, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:_____

_____

STIPULATED PROTECTIVE ORDER